William B. Dail, vs. Devereux Traverse.—*June*, 1849.

The 10th section of the act of 1799, ch. 79, requiring sheriffs, and other officers, in cases of injunctions issued to prevent their selling personal property taken in execution, to return the same to the party from whom it was taken, does not require nor warrant such officer to return money received from the sale of such property so taken, to the person on whose property the levy

. was made, where such sale has been consummated anterior to the issuing of the injunction.

A sheriff sold personal property under an execution, and received the money therefor. An injunction then issued suspending further proceedings under the *fi. fa.*, "until the further order of the court." Afterwards, upon application of the party whose property had been so sold, the county court passed an order directing the sheriff to pay said proceeds over to him. HELD: that there was error in this order, because the injunction had not been made perpetual.

Appeal from *Dorchester* county court.

A writ of *fi. fa.* was issued out of said county court on the 24th of April, 1844, upon a judgment recovered in said court by *Wm. Conner*, as administrator of *Wm. Conner*, deceased, for the sum of $5,529, and $159.27 costs.   This writ was laid upon certain negroes, the property of *Traverse*, the defendant in the judgment, which were sold by one *Thomas Hayward*, as agent of said *Traverse*, with the permission of the sheriff, with the understanding and agreement of said *Traverse* and *Hayward*, that the proceeds, amounting to $2,000, should be paid said sheriff, on account of said execution, which was accordingly done.   Afterwards, on the 20th of June, 1844, *Traverse*, the defendant in the judgment, filed his bill on the equity side of said court, setting up certain equities against said judgment, which it is not material to state, and averring that nothing was due on account thereof, and praying for an injunction restraining the further execution of said judgment; and, on the same day, an injunction was granted, directed to *Wm. B. Dail*, the sheriff, and *Conner*, the plaintiff, enjoining them from issuing or enforcing any execution on said judgment "until the further order of this court." This injunction was duly served upon the sheriff.

On the 14th of April, 1845, *Conner*, the plaintiff, moved the court for a rule upon the sheriff to make return of the money received by him, as above stated, and to show cause why he has not paid the same over in part satisfaction of said execution. On the 2nd of June following, the court discharged this rule; and on the 13th of October following, the defendant, *Traverse*, applied to the court for a rule upon the sheriff, to shew cause

why the said sum of money, remaining in his hands, should not be applied for the benefit of said applicant, stating in his application the facts above stated in relation to the injunction. The sheriff resisted this motion, among other reasons, on the ground that said money was received by him in his individual capacity, and not by virtue of his office; and further, that he would be liable to pay the same over to the plaintiff in the judgment, whenever the said injunction should be dissolved. But the court (GOLDSBOROUGH, A. J.,) passed an order directing the sheriff to pay said sum over to the defendant, *Traverse.* From this order the sheriff appealed.

The cause was argued before DORSEY, C. J., SPENCE, MAGRUDER, MARTIN, and FRICK, J.

JAMES A. STEWART, for the appellant, insisted:

That the sheriff held the money in his individual capacity, and was not subject to the summary order of the court, and that the only remedy against him was by a regular suit or action at law.

LE COMPTE, for the appellee, contended:

That by the injunction, the right of the sheriff over the property of the appellee ceased, and he was, therefore, entitled to have again the said property, and the money for which said negroes had been sold.

DORSEY, C. J., delivered the opinion of this court.

It appears by the record before us, that, on the 24th of April, 1844, a *fieri facias* issued out of *Dorchester* county court, to the sheriff of that county, on a judgment in said court rendered against *Devereux Traverse*, in favor of *Wm. Conner*, administrator of *Wm. Conner*, deceased, for $5,529, and $159.27 costs. That intermediate the issuing of the said execution and the 20th of June, 1844, when an injunction issued suspending, until the further order of the court, all further proceedings under the *fieri facias*, *Wm. B. Dail*, the sheriff of the county,

to whom the execution was delivered, had levied the same upon certain negroes of *Devereux Traverse,* and that by agreement between the sheriff and *Traverse,* a certain *Thomas Hayward,* the agent of *Traverse,* had sold the negroes, and paid to the sheriff the sum of $2,000, the proceeds of sale on account of the execution. The bill of complaint, on which the injunction issued, denied that anything was due on the judgment; and it no where appears in the record that the injunction is not still in full force.

On the 14th of April, 1845, *Conner,* the administrator, filed his petition in the county court, praying that a rule might be laid upon the sheriff, to make a return of the amount of money so received by him, and to show cause why the same had not been paid over in satisfaction of the execution. To which application the sheriff made a return showing the amount by him received, as aforesaid, and that it remained in his hands, ready to be paid over or applied as the county court might direct. The rule to show cause was, on the 2nd of June, 1845, discharged. Upon what ground the court's decision was made, does not appear; but it is presumed that it deemed it improper to pass the order required, during the continuance of the injunction.

On the 30th of October, 1845, *Devereux Traverse* applied to the county court for a rule upon the sheriff, to show cause why the said sum so remaining in his hands, should not be paid to the applicant, or otherwise appropriated to his benefit; and on the seventh day of November following, the county court ordered that the said sum of money be paid over to the said *Devereux Traverse.* From that order the present appeal hath been brought before this court, by *Wm. B. Dail,* the sheriff. If the injunction had been made perpetual, the order appealed from would have received our entire approval, as, under the circumstances in which the money came to his hands, the sheriff would not have been listened to for a moment, in saying that it was not received by him in his official capacity. To countenance such a denial, would be a precedent of dangerous tendency, and would give sanction to a gross violation of offi-

cial faith and duty, not to say to a fraud. If this order can be sustained at all, it must rest for its support upon the 10th section of the act of 1799, ch. 79, which declares, "and whereas it sometimes happens that an injunction from the court of chancery prevents the sheriff from proceeding to sell, after he hath taken in execution property of a perishable nature, and doubts are entertained respecting the power, duty and liability of the sheriff, and whatever the law may be, great inconveniences must arise to one of the parties, or to the sheriff, whether the injunction be afterwards dissolved, or decreed to be perpetual; be it enacted, that in case any injunction from the court of chancery shall hereafter issue, to prevent a sheriff or other officer from selling personal property taken in execution, immediately on the service of such injunction on the sheriff or other officer, he shall deliver back the property so taken in execution, to the party from whom it was taken, and shall not be answerable to the plaintiff or plaintiffs at law, on account of the same; and in all cases where personal property hath been taken in execution, and the sheriff or other officer hath been prevented, by injunction from the chancery court, from selling the same, the sheriff or other officer may deliver the same, if in his possession, to the party from whom it was taken, and shall not be answerable for the same to the plaintiff or plaintiffs at law."

It is apparent that this enactment did not require nor warrant a sheriff or other officer, who had received money from a sale of personal property taken under a *fieri facias*, to return the same to the person on whose property the levy was made, where such sale had been consummated anterior to the issuing of the injunction. The money received by the sheriff in this case, remained in his hands in the same condition that it would have done had the sale of the property from which it resulted, been made by the Sheriff himself, in conformity to all the formalities required by law; unless a party to the suit having a right to object thereto, saw fit otherwise to regard it. The plaintiff to the judgment against *Traverse* raised no such objection, and the defendant would not be heard in making it, the sale having been made by his agent, and the proceeds thereof paid to the

sheriff, under his sanction.    Had the injunction been decreed to be perpetual, then would the court's order in favor of *Traverse*, have been appropriately passed: or, if the injunction had been dissolved, *Conner's* administrator could have required the court to have awarded a similar order in his behalf.    But, whilst the rights of the parties were unadjudicated in chancery, and the injunction continued in force, the sheriff held the money in his hands as a payment made to him under the execution, and for which he was bound to respond to the plaintiff in the suit in which the execution issued, at any moment that the dissolution of the injunction might occur.    It, hence, follows, that the county court erred in adopting the order appealed from.    The judgment of the county court is reversed, with costs.

JUDGMENT REVERSED.